UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-2580 PSG (KSx) | Date | July 3, 2018 |
|---|---|---|---|
| Title | Maxine Gilliam v. Joel S. Levine | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** Order GRANTING Defendant's motion to dismiss

Before the Court is a motion to dismiss filed by Defendant Joel S. Levine ("Defendant"). *See* Dkt. # 12 ("*Mot.*"). Plaintiff Maxine Gilliam ("Plaintiff") opposes the motion. *See* Dkt. # 13 ("*Opp.*"). Defendant failed to timely reply. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving papers, the Court **GRANTS** Defendant's motion.[1]

I.    Background

Plaintiff is the Successor Trustee of the Lou Easter Ross Estate and, in this capacity, is the legal owner of the property located at 1042 Ruthelen Avenue, Los Angeles, California ("the Property"). *See First Amended Complaint*, Dkt. # 9 ("*FAC*"), ¶ 10. In June 2015, she entered into a mortgage loan agreement with Defendant to "maintain and or increase the trust estate." *Id.* ¶¶ 17, 20. At closing, Plaintiff read and signed a Truth in Lending Act ("TILA") Disclosure, Mortgage Disclosure Statement, and other documents, and from these understood the loan was a three-year commitment, to be paid on July 1, 2018. *Id.* ¶¶ 21–27. Plaintiff alleges that, unbeknownst to her, "Defendant changed the commitment from three years to two," moving the due date to July 1, 2017, and that no new disclosures were brought to her attention regarding the change. *Id.* ¶¶ 24–27, 29–33, 37. Plaintiff claims that she did not receive a copy of the Notice of the Right to Cancel, nor was she advised of her right to rescind the transaction. *Id.* ¶¶ 26, 44–45.

---

[1] Along with her opposition, Plaintiff also requests the Court to enjoin Defendant from foreclosing on the subject property. The Court declines to consider this request because it grants Defendant's motion to dismiss, and because this request for relief was not properly filed as an ex parte or noticed motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-2580 PSG (KSx) | Date | July 3, 2018 |
|---|---|---|---|
| Title | Maxine Gilliam v. Joel S. Levine | | |

On April 1, 2017, Plaintiff was informed that Defendant "changed the terms of the loan at the last minute" such that her payment was due on July 1, 2017 as opposed to the following year. *Id.* ¶¶ 24–27, 37; *see also* Dkt. # 3, 3:5–6. On March 5, 2018, Plaintiff sent a letter rescinding the transaction, to which Defendant allegedly failed to reply. *FAC* ¶¶ 50–51. Plaintiff now contends she rescinded the transaction and thus the security interest against her residence is void, "extinguishing any liability [she] has to Defendant." *Id.* ¶¶ 67, 69.

Plaintiff filed this action on March 30, 2018, along with an application seeking a temporary restraining order and preliminary injunction to stop foreclosure of the Property on April 9, 2018. *See* Dkts. # 1, 3. The Court denied Plaintiff's ex parte motion because she failed to show "she [was] without fault in creating the crisis" requiring such relief. *See* Dkt. # 10, at 2. Plaintiff filed her First Amended Complaint ("FAC") on April 2, 2018, alleging the following three causes of action:

<u>First Cause of Action</u>: Violations of TILA, 15 U.S.C. §§ 1601 et seq., and Regulation Z, 12 C.F.R. §§ 226.15, 226.23. *FAC* ¶¶ 58–88.

<u>Second Cause of Action</u>: Violations of the Rosenthal Act, Cal. Civ. Code §§ 2788 et seq. *Id.* ¶¶ 89–92.

<u>Third Cause of Action</u>: Violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605. *Id.* ¶¶ 93–95.

<u>Fourth Cause of Action</u>: Declaratory relief and preliminary injunction under TILA. *Id.* ¶¶ 96–104.

Defendant now moves to dismiss Plaintiff's FAC in its entirety, arguing that Plaintiff was not a consumer and the loan underlying her causes of action is not a consumer credit transaction subject to TILA, Regulation Z, RESPA, or the Rosenthal Act. *See generally Mot*.

II.     <u>Legal Standard</u>

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff. *See Turner v. City and County of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The court then determines whether the complaint "allows the court to draw the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-2580 PSG (KSx) | Date | July 3, 2018 |
|---|---|---|---|
| Title | Maxine Gilliam v. Joel S. Levine | | |

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

III. Judicial Notice

"Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see also Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) ("Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss."). Courts may also, however, consider "attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014). Such material includes "notice of proceedings in other courts, whether in the federal or state systems." *Duckett v. Godinez*, 67 F.3d 734, 741 (9th Cir. 1995); *see also Schweitzer v. Scott*, 469 F. Supp. 1017, 1020 (C.D. Cal. 1979) ("[T]he Court is empowered to and does take judicial notice of court files and records.").

In her opposition, Plaintiff requests judicial notice of filings from her bankruptcy proceeding before the U.S. Bankruptcy Court. *See Opp.* 9:28–10:3. Specifically, Plaintiff explains that Defendant moved that court to lift the stay on her assets, allowing him to foreclose on the Property. *See Declaration of Maxine Gilliam*, Dkt. # 13, ¶ 4. She asks the Court to take notice of her opposition to that motion, in which she clarified the purpose of the loan at issue here. *See id.* ¶ 5. Because this filing concerns both the Property and the loan underlying this case, the Court concludes that the bankruptcy proceeding is relevant and **GRANTS** Plaintiff's request.

IV. Discussion

The Court will consider Plaintiff's federal and state causes of action in turn.

A. TILA, Regulation Z, and RESPA Claims

Plaintiff's first, third, and fourth causes of action arise from Defendant's alleged violations of TILA, Regulation Z, and RESPA. *FAC* ¶¶ 58–88, 93–104. Defendant argues that Plaintiff has failed to make out the prerequisites for these claims and, as such, failed to state a claim under any of the above statutes. *See Mot.* 4:15–4:23.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-2580 PSG (KSx) | Date | July 3, 2018 |
|---|---|---|---|
| Title | Maxine Gilliam v. Joel S. Levine | | |

TILA was enacted by Congress to "avoid the uninformed use of credit." *Mourning v. Family Publ'ns Serv., Inc.*, 411 U.S. 356, 377 (1973). The rescission right it provides applies to "all consumer credit transactions." 15 U.S.C. § 1635(i)(4). Such transactions are characterized as "one[s] in which the party to whom credit is offered or extended is a *natural person*, and the money . . . which [is] the subject of the transaction [is] *primarily for personal, family, or household purposes*." *Id.* § 1602(i) (emphases added). Extensions of credit to organizations are excluded from TILA coverage, as are credit transactions entered into primarily for non-consumer purposes. *See id.* § 1603.

RESPA, likewise, does not apply to "credit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes." 12 U.S.C. § 2606(b); *see also Johnson v. Wells Fargo Home Mortg., Inc.*, 635 F.3d 401, 417 (9th Cir. 2011). Courts look to the Official Staff Commentary on Regulation Z, which addresses primary business purposes under TILA, to determine whether a credit transaction is primarily for business purposes under RESPA. *See Johnson*, 635 F.3d at 417; *Daniels v. SCME Mortg. Bankers, Inc.*, 680 F. Supp. 2d 1126, 1129 (C.D. Cal. 2010) (noting that the RESPA primary business purpose analysis "requires an identical inquiry as the one used under TILA"). "In evaluating whether a certain loan was made for commercial purposes, the emphasis should be on the purpose of the transaction and not the categorization of the properties used to secure the loan." *Galindo v. Financo Fin., Inc.*, No. C 07-03991 WHA, 2008 WL 4452344, at *4 (N.D. Cal. Oct. 3, 2008).

   *i.*  Natural Person

Defendant first argues that because Plaintiff entered into the mortgage loan in her capacity as trustee, and not as a natural person, she is not a consumer under the meaning of TILA; because TILA, Regulation Z, and RESPA impose nearly identical requirements, all of Plaintiff's federal causes of action therefore fail. *See Mot.* 4:14–4:17. In her opposition, Plaintiff argues that for the purposes of rescission, a trust is the equivalent of a natural person and thus she is entitled to the statutory remedy. *See Opp.* 9:7–9:15.

Plaintiff's argument mirrors that of *Amonette v. IndyMac Bank F.S.B.*, 515 F. Supp. 2d 1176 (D. Haw. 2007). There, the court first considered the issue of whether a trustee is entitled to TILA disclosures for a mortgage loan transaction. *See Amonette*, 515 F. Supp. 2d at 1181–87. It held that a trustee *may* be a consumer under TILA, at least where their principal dwelling is subject to a security interest. *See id.* at 1185; *see also Shirley v. Wachovia Mortg. FSB*, No. 10-3870 SC, 2011 WL855943, at *4 (N.D. Cal. Mar. 9, 2011) (holding that TILA disclosures must be made to a trustee, although not to trust beneficiaries). In each of these cases, however, the subject property of the mortgage was the trustee's principle dwelling. Here, Defendant argues that Plaintiff has failed to allege she lives on the Property. *See Mot.* 8:3–8:4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-2580 PSG (KSx) | Date | July 3, 2018 |
|---|---|---|---|
| Title | Maxine Gilliam v. Joel S. Levine | | |

In the opposition filing from her bankruptcy proceeding, Plaintiff explained that she became Successor Trustee of the Lou Easter Ross Revocable Trust after her sister's death. *See Opp.*, Ex. 1, at 8. At that time, Plaintiff's niece lived on the Property. *See id*. Rather than evicting her to find another renter, Plaintiff entered into the loan agreement to finance the repair of the deteriorating home. *See id*. However, at no point does Plaintiff allege that she, and not her niece, used or uses the home as a principle domicile. As a result, Plaintiff has failed to meet the criteria set forth by the limited case law which would establish her status as a consumer under TILA.

Plaintiff also points to the most recent revision of the official comments to Regulation Z, which provide that "credit extended for consumer purposes to certain trusts is considered to be credit extended to a natural person rather than . . . an organization." 12 C.F.R. § 1026.3, Supp. I, Part 1. Here, the drafters went on to explain that the intent of this revision is to protect consumers who "place their assets in a trust for tax benefits and to facilitate future administration of their estates," where a creditor extends a loan secured by a consumer's dwelling. *Id*. Again, Plaintiff's argument fails because she has not alleged that the Property is, in fact, her dwelling. As such, Plaintiff, in her capacity as trustee, is not a consumer as defined by TILA.

        *ii.    Consumer Purpose*

Defendant also contends that the mortgage loan transaction was not made for consumer purposes. *See Mot.* 8:7–8:9. In support, he points to Plaintiff's allegation that the money was "primarily for investment purposes in order to maintain and or increase the trust estate." *FAC* ¶ 20.

In opposition, Plaintiff argues that, in drafting the FAC, she placed "more emphasis on the words 'maintain' and or 'increase the estate' rather than on 'investment purposes.'" *Opp.* 9:25–10:3. She contends that when taken in context with the other allegations and excerpts from her bankruptcy proceeding, investment has a different meaning. *See id*. 9:25–9:27. Prior to her sister's death, the Property was in a state of severe disrepair. *See id.*, Ex. 1, at 8. The home had been built in the 1940s and was never repaired or maintained in her sister's lifetime. *Id*. The roof leaked, and her sick sister needed to "use a bucket to relive herself and to take care of her needs." *Id*. Before her death, Plaintiff "vowed to maintain the estate in good order for as long as she is alive." *Id.*, Ex. 1, at 37. Plaintiff claims she entered into the loan transaction with Defendant in an attempt to make good on this promise, to protect and maintain the home. *See id*. In other words, the loan was for "personal, household, or family purposes." 15 U.S.C. § 1602(i).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-2580 PSG (KSx) | Date | July 3, 2018 |
|---|---|---|---|
| Title | Maxine Gilliam v. Joel S. Levine | | |

Plaintiff goes on to explain, however, that the renovations would be used to "facilitate a sale [of the Property] for possible tender to the seller." *Opp.* 11:27. She argues that her plans for the Property after repair do not transform the personal purpose of the mortgage transaction. *See id.* 11:25–12:2. Yet she cites only old authority from a Louisiana state court, holding that a loan obtained to prevent foreclosure on the plaintiff's primary residence was for personal purposes even where the money was used to pay for business debts. *See Anderson v. Lester*, 382 So. 2d 1019, 1023–25 (La. Ct. App. 1980). Even this argument fails, however, for the same reason discussed above: because Plaintiff has not alleged that the Property is her place of residence. Thus, the mortgage loan was not a consumer credit transaction subject to TILA protections.

Accordingly, because Plaintiff has failed to plead facts making TILA, Regulation Z, or RESPA applicable, the Court **GRANTS** Defendant's motion to dismiss her first, third, and fourth causes of action.

B.  Rosenthal Act Claim

As Defendant points out, Plaintiff's state cause of action is also predicated on the presence of consumer credit. *See Mot.* 4:17–4:19. The Rosenthal Act has an identical definition for consumer credit transaction, requiring the loan be for "personal, family, or household purposes." Cal. Civ. Code § 1788.2(e). Thus, Plaintiff's state claim fails for the same reason as her federal claims. Accordingly, the Court also **GRANTS** Defendant's motion to dismiss Plaintiff's second cause of action.

V.  Leave to Amend

Whether to grant leave to amend rests in the sound discretion of the trial court. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). The Court considers whether leave to amend would cause undue delay or prejudice to the opposing party, and whether granting leave to amend would be futile. *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 2003). Generally, dismissal without leave to amend is improper "unless it is clear that the complaint could not be saved by any amendment." *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

The Court dismisses Plaintiff's claims because she has failed to allege facts in sufficient detail to ascertain the nature of the loan transaction. This is a shortcoming that could be cured through amendment. Specifically, Plaintiff might add facts to show that the Property is her primary domicile, or more fully explain the purpose of the loan. Therefore, the Court **GRANTS** Plaintiff leave to amend her causes of action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-2580 PSG (KSx) | Date | July 3, 2018 |
|---|---|---|---|
| Title | Maxine Gilliam v. Joel S. Levine | | |

VI.     Conclusion

    For the foregoing reasons, the Court **GRANTS WITH LEAVE TO AMEND** Defendant's motion to dismiss Plaintiff's FAC.  Plaintiff must file a second amended complaint by **August 3, 2018**.  Failure to file by that date will result in dismissal of this action without prejudice.

    In order to assist Plaintiff, who proceeds pro se, the Court provides here the information for the Federal Pro Se Clinic.  The Federal Pro Se Clinic in Los Angeles is located at

    Edward R. Roybal Federal Building and United States Courthouse
    255 East Temple Street, Suite 170 (Terrace Level)
    Los Angeles, CA 90012

and can be reached at (213) 385-2977, Ext. 270.  Plaintiff is encouraged to visit the Clinic's website (prose.cacd.uscourts.gov) or call for available hours.

    **IT IS SO ORDERED.**