UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-2580 PSG (KSx) | Date | October 2, 2018 |
|---|---|---|---|
| Title | Maxine Gilliam v. Joel Levine | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):**   Order GRANTING Defendant's motion to dismiss

Before the Court is a motion to dismiss filed by Defendant Joel Levine, trustee of the Joel Sherman Levine Revocable Trust ("Defendant"). *See* Dkt. # 17 ("*Mot.*"). Plaintiff Maxine Gilliam, trustee of the Lou Easter Ross Trust ("Plaintiff") has opposed this motion. *See* Dkt. # 18 ("*Opp.*"). Defendant has not filed a reply. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving papers, the Court **GRANTS** Defendant's motion.

I.   Background

Plaintiff is the trustee of the Lou Easter Ross Trust. *See Second Amended Complaint*, Dkt. # 15 ("*SAC*"), ¶ 1. The Lou Easter Ross Trust was created in 1986 by Lou Easter Ross "for both tax and estate planning purposes." *Id.* ¶ 2. Real property located at 10424 Ruthelen Street in Los Angeles (the "Property") makes up the majority of the trust corpus. *Id.* ¶ 1. Lou Easter Ross was originally the trustee and beneficiary of the trust. *Id.* ¶ 2. After Los Easter Ross died, the trust continued to exist with Plaintiff as the trustee and La Ronda Ross as the sole beneficiary. *See id.* ¶¶ 2, 21. La Ronda Ross resides in the Property. *Id.* ¶ 21. Plaintiff does not. *Id.* ¶ 22.

In 2015, Plaintiff, acting as trustee, obtained a $150,000 loan from Defendant to repair the Property for the benefit of La Ronda Ross, the beneficiary. *See id.* ¶¶ 25–38. The loan was secured by the Property. *See id.* ¶¶ 33–37. During the process of obtaining the loan, Plaintiff signed a "Truth-In-Lending Disclosure Statement" and a "Mortgage Loan Disclosure Statement," both of which stated that the balance of the loan was to be repaid with a final balloon payment on July 1, 2018. *See id.* ¶¶ 27–28. However, the Note that the parties executed stated that all money still owed would be due on July 1, *2017*. *Id.* ¶¶ 29–30. An addendum to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-2580 PSG (KSx) | Date | October 2, 2018 |
|---|---|---|---|
| Title | Maxine Gilliam v. Joel Levine | | |

the Note stated that if the value of the Property had not declined by more than 20 percent, Plaintiff could send a letter to Defendant between April 1, 2017 and June 1, 2017 and a one-year extension on the loan would be granted. *Id.* ¶ 31. To summarize, while the disclosures that Plaintiff signed listed the balance of the loan as due on July 1, 2018, the Note that the parties executed listed the balance as due on July 1, 2017, with a possibility of a one-year extension contingent on Plaintiff requesting an extension and the property not declining in value by more than 20 percent. The crux of Plaintiff's complaint is that Defendant violated federal and California law by providing her with disclosure statements that did not accurately reflect the terms of the loan.

From July 30, 2015 to June 2017, Plaintiff made the required monthly payments on time and in full. *See id.* ¶ 40. On April 25, 2017, pursuant to the addendum, Plaintiff sent Defendant a request for a one-year extension of the due date for the balance of the loan. *Id.* ¶ 41. Defendant apparently never responded to this request. On July 31, 2017, Defendant wrote to Plaintiff, asserting that the balance of the loan had been due on July 1, 2017 (the date in the original Note) and that he would therefore file a notice of default. *Id.* ¶ 43. Defendant refused to accept additional monthly payments after that date. *Id.*

On March 30, 2018, Plaintiff, acting pro se, brought suit against Defendant in this Court, and filed an amended complaint on April 2, 2018. *See* Dkts. # 1, 9. The First Amended Complaint ("FAC") asserted causes of action under the federal Truth In Lending Act ("TILA"), Real Estate Settlement Procedures Act ("RESPA") and Regulation Z as well as under California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"). *See* Dkt. # 9 ("*FAC*"). Defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which the Court granted. *See July 3 Order*, Dkt. # 14. The Court found that Plaintiff had not stated a claim under the TILA, RESPA, and Regulation Z because she had not pleaded that she used the Property as her principal domicile as was required to show that the loan was for consumer, rather than business, purposes. *Id.* at 3–6. The Court also found that she had not stated a Rosenthal Act claim for the same reason. *Id.* at 6.

The Court granted Plaintiff leave to amend, finding that she might be able to "add facts to show that the Property is her principal domicile." *Id.* On August 3, 2018, Plaintiff—now represented by counsel—filed her Second Amended Complaint ("SAC"). *See* Dkt. # 15 ("*SAC*"). The SAC asserts four causes of action:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-2580 PSG (KSx) | Date | October 2, 2018 |
|---|---|---|---|
| Title | Maxine Gilliam v. Joel Levine | | |

First Cause of Action: Violations of TILA, 15 U.S.C. §§ 1601 et seq., and Regulation Z, 12 C.F.R. §§ 226.15, 226.23. *SAC* ¶¶ 70–98.[1]

Second Cause of Action: Violation of the Rosenthal Act, Cal. Civ. Code §§ 178 et seq. *Id.* ¶¶ 99–102.

Third Cause of Action: Accounting and reimbursement. *Id.* ¶¶ 103–05.

Fourth Cause of Action: Declaratory relief. *Id.* ¶¶ 106–14.

Defendant again moves to dismiss, arguing that Plaintiff has still failed to plead that she used the Property as her principal domicile. *See generally Mot.*

II.     Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff. *See Turner v. City and Cty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

---

[1] Plaintiff does not specifically assert a cause of action under RESPA. However, the SAC references RESPA several times, so the Court construes it as asserting a claim under RESPA as well. *See SAC* ¶¶ 68, 93, 95.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-2580 PSG (KSx) | Date | October 2, 2018 |
|---|---|---|---|
| Title | Maxine Gilliam v. Joel Levine | | |

III.  Discussion

    A.  TILA, RESPA, and Regulation Z Claims

Plaintiff's first, third, and fourth causes of action arise from Defendant's alleged violations of TILA, RESPA, and Regulation Z.

TILA was enacted by Congress to "avoid the uninformed use of credit." *Mourning v. Family Publ'ns Serv., Inc.*, 411 U.S. 356, 377 (1973). The rescission right it provides applies to "all consumer credit transactions." 15 U.S.C. § 1635(i)(4). Such transactions are characterized as "one[s] in which the party to whom credit is offered or extended is a *natural person*, and the money . . . which [is] the subject of the transaction [is] *primarily for personal, family, or household purposes*." *Id.* § 1602(i) (emphases added). Extensions of credit to organizations are excluded from TILA coverage, as are credit transactions entered into primarily for non-consumer purposes. *See id.* § 1603.

RESPA, likewise, does not apply to "credit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes." 12 U.S.C. § 2606(b); *see also Johnson v. Wells Fargo Home Mortg., Inc.*, 635 F.3d 401, 417 (9th Cir. 2011). Courts look to the Official Staff Commentary on Regulation Z, which addresses primary business purposes under TILA, to determine whether a credit transaction is primarily for business purposes under RESPA. *See Johnson*, 635 F.3d at 417; *Daniels v. SCME Mortg. Bankers, Inc.*, 680 F. Supp. 2d 1126, 1129 (C.D. Cal. 2010) (noting that the RESPA primary business purpose analysis "requires an identical inquiry as the one used under TILA"). "In evaluating whether a certain loan was made for commercial purposes, the emphasis should be on the purpose of the transaction and not the categorization of the properties used to secure the loan." *Galindo v. Financo Fin., Inc.*, No. C 07-03991 WHA, 2008 WL 4452344, at *4 (N.D. Cal. Oct. 3, 2008).

In its previous order, the Court analyzed the issue of whether trustees who have obtained loans on behalf of trusts entered into for estate planning purposes have entered into consumer credit transactions. *See July 3 Order* at 4–5. Surveying case law, it found that trustees obtain consumer credit only when they use the trust property as their principal domicile. *See id.* (examining *Amonette v. IndyMac Bank F.S.B.*, 515 F. Supp. 2d 1176 (D. Haw. 2007) and *Shirley v. Wachovia Mortg. FSB*, No. 10-3870 SC, 2011 WL 855943, at *4 (N.D. Cal. Mar. 9, 2011)). Because Plaintiff had not alleged that the Property was her principal domicile, the Court found that she failed to state a claim under TILA, RESPA, or Regulation Z.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-2580 PSG (KSx) | Date | October 2, 2018 |
|---|---|---|---|
| Title | Maxine Gilliam v. Joel Levine | | |

Here, Plaintiff has again failed to allege that the Property is her primary domicile. Indeed, she acknowledges that she does not reside at the Property. *See SAC* ¶ 22. Instead, Plaintiff again argues that trustees of trusts created for estate planning purposes have engaged in consumer credit transactions regardless of whether they reside at the property contained in the trust. *See Opp.* 6:4–7:3. But, even with the benefit of counsel, Plaintiff has still not identified a single case where a court found that a trustee who did not reside in the trust property had engaged in a consumer credit transaction when it obtained a loan on behalf of the trust. Therefore, the Court sees no reason to revisit its previous conclusion that trustees engage in consumer credit transactions only when they use trust property as their principal domicile. Accordingly, the Court **GRANTS** Defendant's motion to dismiss the federal claims.

B. Rosenthal Act Claim

As the Court noted in its previous order, Plaintiff's Rosenthal Act claim is also predicated on the presence of a consumer credit transaction, which, like the federal claims, requires the loan to have been for "personal, family, or household purposes." Cal. Civ. Code § 1788.2(e). Plaintiff has not argued that her Rosenthal Act claim can survive if her federal claims do not. In fact, her opposition does not even mention the Rosenthal Act claim. Therefore, the Court finds that Plaintiff's Rosenthal Act claim fails for the same reason as her federal claims. Accordingly, it **GRANTS** Defendant's motion to dismiss.

IV. Leave to Amend

Whether to grant leave to amend rests in the sound discretion of the trial court. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). The Court considers whether leave to amend would cause undue delay or prejudice to the opposing party, and whether granting leave to amend would be futile. *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Generally, dismissal without leave to amend is improper "unless it is clear that the complaint could not be saved by any amendment." *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

The Court has already afforded Plaintiff an opportunity to amend her complaint to plead that she used the Property as her primary domicile. She has instead affirmatively pleaded that she does *not* reside at the Property. *See SAC* ¶ 22. Accordingly, the Court concludes that any future amendment would be futile. Leave to amend is therefore **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-2580 PSG (KSx) | Date | October 2, 2018 |
|---|---|---|---|
| Title | Maxine Gilliam v. Joel Levine | | |

V.  Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss and **DENIES** leave to amend.  This order closes the case.

**IT IS SO ORDERED**.